**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TROY COACHMAN, | No. 18-35881 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-00187-RSM |
| v. | |
| SEATTLE AUTO MANAGEMENT, INC., DBA Mercedes Benz of Seattle; AL MONJAZEB, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted November 7, 2019
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and PRESNELL,[**] District
Judge.

Seattle Auto Management, Inc. and Al Monjazeb appeal the district court's

denial of their Rule 59 Motion for remittitur or new trial. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gregory A. Presnell, United States District Judge for
the Middle District of Florida, sitting by designation.

pursuant to 28 U.S.C. § 1291. We affirm.

The appellants first argue that the appellee's closing argument violated the court's *in limine* ruling with respect to the appellant's financial condition. Because the appellants failed to object at trial to the alleged misconduct, reversal is improper unless there was "plain or fundamental" error. *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 517 (9th Cir. 2004). "Plain error review requires: (1) an error; (2) that the error be plain or obvious; (3) that the error have been prejudicial or affect substantial rights; and (4) that review be necessary to prevent a miscarriage of justice." *Id.* While making the closing argument at issue, counsel used Coachman's value to the appellants as an analog for his personal loss. While that comparison may have been inapt, there is no indication that it was prejudicial or affected substantial rights. The district court did not commit plain or fundamental error in denying the motion for a new trial.

The appellants also argue that the ratio between the noneconomic and economic compensatory damages renders $4,697,248 in noneconomic damages excessive. However, Washington law does not limit compensatory damages based on the ratio between economic and noneconomic damages. Indeed, we will not disturb the jury's verdict "unless it is outside the range of substantial evidence in the record, or shocks the conscience of the court, or appears to have been arrived at as the result of passion or prejudice." *Bunch v. King Cty. Dep't of Youth Servs.*, 116

2                                                                                          18-35881

P.3d 381, 389 (Wash. 2005) (quoting *Bingaman v. Grays Harbor Cmty. Hosp.*, 699 P.2d 1230, 1233 (Wash. 1985)). The appellants chose not to address damages during their closing argument, and there is support in the record for the size of the damages award; we find no persuasive reason to disturb the jury's verdict.

**AFFIRMED.**